Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Tommie Cook was convicted of possessing and transporting intoxicating liquor, and he appeals. Judgment reversed, and prosecution ordered dismissed.

Herbert Scharff, John McNamara, and Williams & Williams, all of Waco, for appellant.

R. H. Hamilton, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for possessing and transporting intoxicating liquors; punishment fixed at confinement in the penitentiary for one year.

[1] The count in the indictment submitted to the jury charged that appellant did "receive, transport, export, and deliver, and solicit and take orders for, and did furnish, spirituous, vinous, and intoxicating liquors." The motion to quash the indictment, in substance, upon the ground that it attempted to charge several distinct felonies in the same count, was overruled.

The prosecution is under chapter 78, Second Called Session, Laws of 1919. The count in the indictment is in practically the same language as that before the court in the case of Todd v. State, 89 Tex. Cr. R. 99, 229 S. W. 515. For the reasons there stated, the indictment in the instant case was defective, and there was error in refusing to sustain the motion to quash it.

The judgment is therefore reversed, and the prosecution ordered dismissed.

On Motion for Rehearing.

HAWKINS, J. [2] Motion for rehearing was filed by the state on October 26, 1921. It is insisted that we overlooked in our former opinion the fact that by the third count in the indictment appellant was charged with "possession" of intoxicating liquor, and that, the third not being subject to the complaint of duplicity, and the jury having returned a general verdict of guilty both for "transporting" and "possession," the conviction should be assigned to the third count. The second count in the indictment was duplicitous, as held by this court in Todd v. State, 89 Tex. Cr. R. 99, 229 S. W. 515; but the third count, charging "possession," was good under the law as it was when the indictment was presented and the case tried. There might be some merit in the motion, if the Legislature at its called session in 1921 had not so amended the state-wide prohibition law as to repeal that portion of it which had formerly made possession of intoxicating liquor an offense.

See Acts First Called Session 37th Legislature (1921) c. 61. By the provision of the amendment the possession of intoxicating liquor is not now made an offense, unless the same is for the purpose of sale.

The motion for rehearing was filed before the effect of this amendment had become a matter of construction. We have had occasion many times recently to hold that an indictment which merely alleges the "possession" of intoxicating liquor charges no offense against the law as amended. There being no saving clause in the amendment, it has become necessary in many cases to reverse judgments and order a dismissal of prosecutions, where the offense alleged was possession only. See No. 6571, Dossett v. State, 235 S. W. 1093, and No. 6570, Williams v. State, 235 S. W. 1092, opinions rendered December 21, 1921; Rozier v. State, 234 S. W. 666. By reason of the amendment referred to, the third count in the indictment is defective. In the absence of a saving clause in the amendment, no further prosecution can be had under that count as written.

The motion for rehearing must therefore be overruled.

---

### WILLS v. STATE.    (No. 6602.)

(Court of Criminal Appeals of Texas. Jan. 18, 1922.)

Criminal law ☞1094—Conviction affirmed, in absence of statement of facts, bills of exception, and error manifest on face of record.

A conviction will be affirmed, where the record is without statement of facts or bills of exception, and the indictment charges the offense in regular form, and nothing is manifest from the face of the record which requires a reversal.

Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge.

Leland Wills was convicted of robbery, and appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction was for robbery, with the punishment assessed at five years' confinement in the penitentiary.

The record is before us without statement of facts or bills of exception. The indictment charges the offense in regular form, and nothing is manifest from the face of the record which would require a reversal.

The judgment of the trial court is therefore affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes